## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **STEVEN VILLA, SAMUEL GARCIA-RODRIGUEZ and LUIS GARCIA**<br>  *Plaintiffs*, | §<br>§<br>§<br>§ | |
| | § | **CIVIL ACTION NO. 1:21-CV-423-RP** |
| **VS.** | §<br>§ | |
| **GLOBAL TRANSIT INC., TAHSEEN AL-NASSIRI, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**<br>  *Defendants*. | §<br>§<br>§<br>§<br>§<br>§ | |

## PLAINTIFFS' STEVEN VILLA, SAMUEL GARCIA-RODRIGUEZ AND LUIS GARCIA'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, Steven Villa, Samuel Garcia-Rodriguez, and Luis Garcia, ("Plaintiffs") complaining of Global Transit Inc, Tahseen Al-Nassiri and State Farm Mutual Automobile Insurance Company ("Defendants") for cause of action would respectfully show unto the Court as follows:

## I.
## PARTIES

1.  Plaintiff Steven Villa is an individual residing in Hays County, Texas.

2.  Plaintiff Samuel Garcia-Rodriguez is an individual residing in Hays County, Texas.

3.  Plaintiff Luis Garcia is an individual residing in Hays County, Texas.

4.  Defendant, **GLOBAL TRANSIT INC.** is a for-profit company and/or corporation who had a principal place of business and/or purposely availed itself of the laws of the State of Texas at the time of this incident giving rise to this suit. This company is authorized to do business throughout

the State of Texas and may be served with this Amended Complaint by and through its attorney of

record: Adrian Ciechanowicz, Germer Beaman & Brown, PLLC, via e-service.

5.       Defendant, **TAHSEEN AL-NASSIRI** is an individual residing in Wayne County, Michigan

located at **6835 Country Lane, Dearborn, Michigan 49127** and may be served with this Amended

Complaint by and through his attorney of record: Adrian Ciechanowicz, Germer Beaman & Brown,

PLLC via e-service.

6.       Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, is a

business in Texas and can be served this Amended Complaint by and through its attorney of record:

R. Ashley Applewhite, Skelton & Woody, PLLC via e-service.


## II.
## JURISDICTION AND VENUE

7.       This Court has original diversity jurisdiction under 28 U.S.C. §1332(a)(1) and 28 U.S.C.

§1441(a) because Plaintiffs are residents of Hays County, Texas and are domiciled in Texas;

Global Transit, Inc was, at the time this action commenced, and still is, a Michigan corporation,

making it a citizen of Michigan with its principal place of business in Michigan.  At the time the

action was commenced, Global Transit Inc, was doing business in Texas and purposefully

availing itself of the privileges and benefits of the State of Texas. Finally, the amount in

controversy, exclusive of interest and costs, exceed $75,000. See 28 U.S.C. §1332(a)(1).

8.       Venue is proper in this Federal District and Division.

### III.
### FACTUAL BACKGROUND

9.      On or about April 2, 2020, Plaintiff Steven Villa was lawfully operating a 2018 Dodge Ram 2500. Plaintiff Samuel Garcia-Rodriguez and Plaintiff Luis Garcia were both passengers in the 2018 Dodge Ram 2500 that was lawfully operated by the driver, Plaintiff Steven Villa. Plaintiffs were lawfully traveling southbound on Interstate-35 in downtown Austin, Texas, in Travis County, Texas, when the vehicle they were traveling in was suddenly, violently, and without warning struck by a commercial tractor-trailer (18 wheeler) that was being negligently operated by Defendant Tahseen Al-Nassiri while in the course and scope of his employment with Defendant Global Transit Inc.

10.     Defendant Tahseen Al-Nassiri was operating the tractor-trailer for Defendant Global Transit Inc. at a high rate of speed which was unsafe. As a result of all of the causes of action relating to Defendants' negligence individually and collectively, the tractor-trailer (18 wheeler) struck the vehicle that Plaintiffs were traveling in from behind on the highway, causing lifelong and very significant injuries to all of the Plaintiffs.

11.     At the time of the wreck, the commercial tractor-trailer was owned or otherwise controlled by Defendant Global Transit Inc. Defendant Tahseen Al-Nassiri was furthering the affairs of his employer Global Transit Inc. at the time of the collision while in the course and scope of his employer.

12.     As a result of the Defendants' collective and individual negligence as well as gross negligence, Plaintiff Steven Villa, Plaintiff Luis Garcia, and Plaintiff Samuel Garcia-Rodriguez, sustained severe, permanent, life-changing and traumatic injuries and severe economic damages. Plaintiffs are under the care of their physicians and are continuing to follow their physicians' care for their permanent injuries and will require surgery and will likely require other medical treatment in

the future. For a complete list of Plaintiffs' damages, please see the damages section of this Complaint as well as additional documentation provided through discovery responses and other sources of documentation.

**IV.**
**PLAINTIFFS' CAUSES OF ACTION AGAINST**
**DEFENDANT GLOBAL TRANSIT INC.**

**FIRST CAUSE OF ACTION AGAINST DEFENDANT GLOBAL TRANSIT INC.:**

**RESPONDEAT SUPERIOR**

13.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant **Tasheen Al-Nassiri** was within the course and scope of his employment with Defendant **Global Transit, Inc.**. and was furthering the affairs of his employer, **Global Transit, Inc.** at the time of this crash.

14.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant **Tasheen Al-Nassiri** was engaged in the furtherance of Defendant **Global Transit, Inc.**

15.     Defendant **Tasheen Al-Nassiri** was engaged in accomplishing a task for which Defendant **Tasheen Al-Nassiri** was employed.

16.     Plaintiffs invoke the doctrine of <u>Respondeat Superior</u> against this Defendant **Global Transit, Inc.**

17.     Defendant **Global Transit, Inc.** is liable under the doctrine of <u>Respondeat Superior</u> in that Defendant **Tasheen Al-Nassiri** was operating the vehicle in the course and scope of his employment with Defendant **Global Transit, Inc.**

**SECOND CAUSE OF ACTION AGAINST DEFENDANT GLOBAL TRANSIT INC.:**

**NEGLIGENCE**

18.     As a direct and proximate result of the collision, the negligence of Defendant **Global Transit Inc**. and/or its agents or employees, and the overall collective, gross-negligence and the negligent conduct of Defendant **Tasheen Al-Nassiri**, Plaintiffs suffered severe bodily injuries to their backs, legs, necks, cervical spines, lumbar spines, upper extremities, lowe r extremities, and other parts of their bodies generally.  The injuries have had a serious effect on the Plaintiffs' health and well-being. Some of the effects are permanent and will abide with the Plaintiffs for a long time into the future, if not for their entire lives.  These specific injuries and their ill effects have, in turn, caused the Plaintiffs physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiffs to suffer consequences and ill effects of this deterioration throughout their bodies for a long time in the future, if not for the balance of their natural lives.  As a further result of the nature and consequences of these injuries, the Plaintiffs suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of their natural lives.  Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which Plaintiffs will continue to suffer in the future, if not for the remainder of their natural lives.

19.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Tahseen Al-Nassiri was within the course and scope of his employment with Defendant, Global Transit Inc, and was furthering the affairs of his employer, Global Transit Inc, at the time of this crash.

20.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Tahseen Al-Nassiri was engaged in the furtherance of the affairs of Defendant Global Transit Inc.

21.     Defendant Tahseen Al-Nassiri was engaged in accomplishing a task for which Defendant Tahseen Al-Nassiri was employed.

22.     Plaintiffs invoke the doctrine of Respondeat Superior against this Defendant Global Transit Inc.

23.     Defendant Global Transit Inc, is liable under the doctrine of Respondeat Superior in that Defendant Tahseen Al-Nassiri was operating the vehicle in the course and scope of his employment with Defendant Global Transit Inc, and he was furthering the affairs of his employer Global Transit Inc.

24.     Defendant Global Transit Inc, is also independently negligent and Plaintiffs assert separate and independent causes of action against Defendant Global Transit Inc, in one or more of the following respects:

a.      Defendant Global Transit Inc's negligent hiring of Defendant Tahseen Al-Nassiri;

b.      Defendant Global Transit Inc's negligent training of Defendant Tahseen Al-Nassiri;

c.      Defendant Global Transit Inc's negligent supervision of Defendant Tahseen Al-Nassiri;

d.      Defendant Global Transit Inc's negligent retention of Defendant Tahseen Al-Nassiri;

e.      Defendant Global Transit Inc's negligent maintenance of their vehicle(s);

f.      Defendant Global Transit Inc's negligent monitoring of Defendant Tahseen Al-Nassiri; and

g.      Defendant Global Transit Inc's negligent implantation of inadequate company policies and procedures of Defendant Tahseen Al-Nassiri.

25.     As described herein, Defendant Global Transit Inc, was negligent on the occasion in question and such negligence was the proximate cause of Plaintiffs' injuries and damages.

26.     Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence, and malice which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which they will continue to suffer in the future, if not for the remainder of their natural life.

**THIRD CAUSE OF ACTION AGAINST DEFENDANT GLOBAL TRANSIT INC.: GROSS NEGLIGENCE**

27.     The above-referenced acts and/or omissions by the Defendant(s) constitutes gross negligence as the term is defined in § 41.001(11) of the Texas Civil Practice & Remedies Code.  Defendant(s) were heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant(s) was/were aware of the risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

**V.**
**PLAINTIFFS' CAUSES OF ACTION AGAINST DEFENDANT TAHSEEN AL-NASSIRI**

28.     Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which Plaintiffs will continue to suffer in the future, if not for the remainder of their natural life.

**FIRST CAUSE OF ACTION AGAINST DEFENDANT TAHSEEN AL-NASSIRI: NEGLIGENCE**

29.     The occurrence made the basis of this suit, reflected in the above paragraph, and the resulting injuries and damages were proximately caused by the negligent conduct of the Defendant, Tahseen Al-Nassiri, who violated the duty he owed the Plaintiffs to exercise ordinary care in the operation of the motor vehicle in one or more of the following respects:

      a.      in failing to stop

      b.      in failing to yield the right of way;

      c.      in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

      d.      in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

      e.      in failing to turn the vehicle in an effort to avoid the collision in question;

      f.      in failing to blow his horn to warn of imminent danger;

      g.      in unsafely operating a commercial vehicle improperly entrusted to him by his employer;

      h.      including a high-level of inattentiveness and distracted driving of a commercial vehicle on a public roadway;

      i.      in failing to pay proper attention while driving;

      j.      in unsafely operating a commercial vehicle while extremely fatigued; and

      k.      in unsafely operating a commercial vehicle with inadequate training.

**SECOND CAUSE OF ACTION AGAINST DEFENDANT TAHSEEN AL-NASSIRI: NEGLIGENCE PER SE**

30.    Tahseen Al-Nassiri was negligent in failing to exercise the mandatory standard of care in violation of V.T.C.A. Transportation Code, §545.351, §545.062 and §545.401 pursuant to the negligence Per Se Doctrine which mandates that:

Tahseen Al-Nassiri failed to exercise the mandatory standard of care in violation of V.T.C.A. Transportation Code, §545.351 pursuant to the negligence Per Se Doctrine which mandates that:

**§545.351 Maximum Speed Requirements**

(a) An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.

(b) An operator:

(1) may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and

(2) shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with the law and the duty of each person to use due care.

Tahseen Al-Nassirialso failed to exercise the mandatory standard of care in violation of V.T.C.A.

Additionally, Tahseen Al-Nassiri failed to exercise the mandatory standard of care in violation of V.T.C.A. Transportation Code, §545.062 pursuant to the negligence Per Se Doctrine which mandates that:

**§545.062 Following Distance**

(a) An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of

the highway, the operator can safely stop without colliding with the preceding vehicle or

veering into another vehicle, object, or person on or near the highway.

Finally, Tahseen Al-Nassirifailed to exercise the mandatory standard of care in violation of V.T.C.A.

Transportation Code, §545.401pursuant to the negligence Per Se Doctrine which mandates that:

### §545.401 Reckless Driving: Offense

(a) A person commits an offense if the person drives a vehicle in willful or wanton disregard for

the safety of persons or property.Tahseen Al-Nassirialso failed to exercise the mandatory

standard of care in violation of V.T.C.

## THIRD CAUSE OF ACTION AGAINST DEFENDANT TAHSEEN AL-NASSIRI: GROSS NEGLIGENCE

31.    The above-referenced acts and/or omissions by the Defendant constitutes gross negligence as

the term is defined in § 41.001(11) of the Texas Civil Practice & Remedies Code.  Defendants were

heedless and reckless, constituting an extreme degree of risk, considering the probability and

magnitude of the potential harm to others, and Defendant was aware of the risk, but nevertheless

proceeded with conscious indifference to the rights, safety, and welfare of others, including

Plaintiffs. The above acts and/or omissions were singularly and cumulatively the proximate cause of

the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

### VI.
### RESPONDEAT SUPERIOR AS TO
### STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

32.    All acts, actions and/or omissions complained of herein were committed either by Defendant

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY themselves or by and

through one of its employees within the course and scope of their employment with Defendant

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

## VII.
## CONDITIONS PRECEDENT AGAINST
## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

33.    All conditions precedent to recovery has been performed or have occurred.

## VIII.
## CAUSES OF ACTION AGAINST
## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

**FIRST CAUSE OF ACTION AGAINST STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY: BREACH OF CONTRACT**

34.    Defendant **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** breached the insurance contract resulting in additional damages to the Plaintiffs.

**SECOND CAUSE OF ACTION AGAINST STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY: UNFAIR INSURANCE PRACTICES**

35.    Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY is guilty of unfair insurance practices in violation of article 21.21, §16 of the Texas Insurance Code, and the statutes, rules, and regulations incorporated by the provision.  These unfair practices have been producing causes of additional and actual damages to Plaintiffs.

**THIRD CAUSE OF ACTION AGAINST STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

36.    Defendant **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** has breached its duty of good faith and fair dealing by denying Plaintiffs' claims without any reasonable basis and by failing to conduct a reasonable investigation of Plaintiffs' claims and failing to effect prompt resolution of Plaintiffs' claim.  Defendant STATE FARM MUTUAL AUTOMOBILE

INSURANCE COMPANY's breach has been a producing and proximate cause of Plaintiffs additional and actual damages.

**FOURTH CAUSE OF ACTION AGAINST STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY: VIOLATION OF DTPA**

37.    Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, is liable because its actions constitute violations of the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA"). Specifically, this Defendant violated the DTPA in one or more of the following aspects:

(a)    Representing that the goods or services have characteristics or benefits that they do not have in violation of TEX. BUS. & COMM. CODE § 17.46(b)(5);

(b)    Representing that the goods or services are of a particular standard, quality or grade, or that the goods are of a particular style or model, that they are not in violation of TEX. BUS. & COMM. CODE §17.46(b)(7);

(c)    Representing that an agreement confers rights or involves rights, remedies, or obligations that it does not, or that are prohibited by law in violation of TEX. BUS. & COMM. CODE § 17.46(b)(12);

(d)    Failing to disclose information about the goods or services that was known at the time of the transaction when the failure to disclose was intended to induce Plaintiff Steven Villa to enter into a transaction that Plaintiff Steven Villa would not have entered into if the information had been disclosed in violation of TEX. BUS. & COMM. CODE § 17.46(b)(24); and

(e)    Acting in an unconscionable manner in that Defendant's denial of Plaintiffs' claim took advantage of Plaintiffs' lack of knowledge, ability, experience, or capacity to a grossly unfair degree in violation of TEX. BUS. & COMM. CODE § 17.50 (a)(3).

### IX.
### RELIEF REQUESTED AS TO DEFENDANT
### STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

38.    Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY acts have

been producing and proximate causes of Plaintiffs' actual and economic damages which are in excess of the minimum jurisdictional limits of this court. Plaintiffs are entitled to judgment in the amount of their policy limits of the underinsured motorist policy and the Personal Injury Protection Policy.

39.    Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY's conduct was committed knowingly. Accordingly, Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY is liable for additional damages as authorized by Texas. Ins. Code Ann. Article 21.21, § 16(b) (1), and DTPA § 17.50 (b) (1).

40.    **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** acted with conscious indifference to the rights of Plaintiffs in breaching the duty of good faith and fair dealing; therefore, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** is liable for exemplary damages. Additionally, Plaintiffs are also entitled to the 12% penalty allowed by TEX. INS. CODE CHAPTER 542 based on Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY's refusal to pay the claim.

## X.
## RELIEF REQUESTED FOR PLAINTIFFS

41.    Plaintiffs pray for a jury trial in this matter now in Federal Court. Plaintiffs previously requested a jury trial in the earlier state court pleading before it was removed, and Plaintiffs tendered payment for such request.

42.    Plaintiffs request that the Defendant appear and on a final trial hereafter, the Plaintiffs have a judgment against Defendant in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and of such other and

further relief to which each Plaintiffs may be justly entitled by law and equity, including, but not limited to:

    A.    Negligence

        1.    Pain and suffering in the past;

        2.    Pain and suffering in the future;

        3.    Mental anguish in the past;

        4.    Mental anguish in the future;

        5.    Past medical expenses;

        6.    Future medical expenses;

        7.    Physical impairment in the past;

        8.    Physical impairment in the future;

        9.    Physical disfigurement in the past;

        10.    Physical disfigurement in the future;

        11.    Pre-judgment interest;

        12.    Post-judgment interest;

        13.    Exemplary damages;

        14.    Loss of past wages;

        15.    Loss of future wages;

        16.    Loss of wage earning capacity;

        17.    Reduced future earning capacity;

        18.    Loss of household services in the past;

        19.    Loss of household services in the future;

20.    Medical monitoring in the past;

21.    Medical monitoring in the future; and

22.    Loss of the enjoyment of life.


B.    Any and all other additional negligence identified under any applicable state or federal statute

C.    Any and all other additional negligence previously pled in the above paragraphs

D.    Gross negligence

E.    Negligence Per Se


43.    Finally, Plaintiffs request that this Court grant such other relief as may be necessary.

## XI.

## <u>PRAYER</u>

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs request that the Defendants be cited to appear and answer, and on final trial hereafter, that he has judgment against Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court, together with all pre judgment and post judgment interest as allowed by law, costs of Court, and for such other and further relief to which he may be justly entitled by law and equity.


Respectfully submitted,

/s/ GLEN F. LARSON

GLEN F. LARSON
Texas State Bar No. 24037817
Attorney for Plaintiff
*The Law Offices of Glen F. Larson, PLLC*
5113 Southwest Parkway, Suite 190
Austin, TX 78735
512-387-5436 (Office)
512-727-0999 (Fax)
gfl@glenlarsonlaw.com
service@glenlarsonlaw.com (Service E-mail)

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2021, a true and correct copy of the foregoing was duly served to all counsel of record in accordance with the Federal Rules of Civil Procedure.

/s/ *GLEN F. LARSON*
Glen F. Larson